**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SARAH WALKER, | ) |
| | ) |
|     Plaintiff, | ) |
| | )    **Case No.:  1:22-cv-03312-APM** |
| v. | ) |
| | ) |
| NEW VENTURE FUND, et al., | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANT NEW VENTURE FUND'S
ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants New Venture Fund, et al., ("NVF" or "Defendants"), by and through its undersigned counsel, and in response to the Amended Complaint [Doc. 12] ("Complaint") filed by Sara Walker ("Walker" or "Plaintiff") hereby submits this Answer.  Defendant denies liability, and responds to the individually numbered paragraphs of the Complaint and interposes defenses as follows:[1]

**NATURE OF THE ACTION**

1.    The allegations in Paragraph 1 relate to a claim or claims that have been dismissed, which require no response. To the extent a response is required, Defendant admits the allegations in Paragraph 1.

---

[1] NVF will restate, but does not adopt, the section headings used by Plaintiff.  NVF has not responded to the five unnumbered introductory paragraphs of the Complaint wherein Plaintiff states the causes of action she purports to bring against NVF and asserts her purported status as a "whistleblower" under the Taxpayer First Act, 26 U.S. Code § 7623(d).  Because those paragraphs are introductory and not set out in numbered paragraphs stating her claims as required by Rule 10(b) of the Federal Rules of Civil Procedure, and because they are principally directed at a claim dismissed by the Court's Memorandum Opinion and Order dated March 14, 2024 [Doc. 22], no response is required.  To the extent that a response is required, NVF denies that it violated the Internal Revenue Code and admits that it formerly employed Plaintiff, placed her on paid administrative leave on October 29, 2021 and discharged her from employment in October 2022, and that she purports to bring this civil action pursuant to the listed statutes although most of her claims are now dismissed.

2.     The allegations in Paragraph 2 relate to a claim or claims that have been dismissed, which require no response. To the extent a response is required, NVF admits that it has a contractual relationship with Arabella Advisors, a firm that provides compliance, human resources, and other administrative services to NVF, and that Arabella is, upon information and belief, a for-profit enterprise. NVF admits that it is a large public interest nonprofit, and avers that as reported on its Form 990, in 2020 NVF made total expenditures exceeding $658 million in furtherance of its charitable mission. Defendant denies the remaining allegations in Paragraph 2 of the Amended Complaint.

3.     Upon information and belief, Defendant admits that Voting Rights Lab ("VRL") was co-founded in 2018 by Megan Lewis and Samantha Tarazi who are President and Vice President, respectively, of the organization, and that they both appear to be white females. Defendant further admits that Voting Rights Lab became a fiscally-sponsored project of New Venture Fund as a nonpartisan initiative to promote free and fair elections, and was during the period of sponsorship a trade name registered by NVF. Defendant denies the remaining allegations in Paragraph 3 of the Amended Complaint.

4.     Paragraph 4 of the Amended Complaint, in part, calls for a legal conclusion to which no response is required. Upon information and belief, Defendant admits that SD and its successor SD USA are exempt under section 501(c)(4) of the Internal Revenue Code as social advocacy organizations and that part of their mission was to protect and secure fair elections. Defendant denies all other allegations in Paragraph 4.

5.     Upon information and belief, Defendant admits that SD was established in 2018 and that before its dissolution, Heather Smith, who appears to be a white female, was the Chair of Defendant's Board of Directors. Defendant denies all other allegations in Paragraph 5.

6.  Defendant admits the allegations in the first sentence of Paragraph 6 of the Amended Complaint. Defendant admits that the Voting Rights Lab project and SD worked collaboratively on similar issues and to further similar missions and that Plaintiff became its employee at that time. NVF lacks knowledge or information sufficient to form a belief about the remaining allegations of Paragraph 6, including because "affiliated" is an undefined term capable of different meanings.

7.  The allegations in the first sentence of Paragraph 7 of the Amended Complaint have been dismissed, in part, and require no response. Defendant denies the allegations of the first sentence of Paragraph 7, other than to admit that Plaintiff appears to be an African American woman. Defendant denies the remaining allegations of Paragraph 7, other than to admit that Plaintiff began her employment in September 2019 as an Associate Director and was continually promoted throughout her employment.

8.  Defendant admits to the content of the Mission and Values statement recited in in Paragraph 8. The remainder of Paragraph 8 is argument rather than a short, plain statement of claim as required by Rule 8, and as such no further response is required.

9.  Defendant denies the allegations in Paragraph 9.

10.  Defendant denies the allegations in Paragraph 10.

11.  The allegations in Paragraph 11 relate, in part, to a claim or claims that have been dismissed and require no response. Defendant denies all remaining allegations in Paragraph 11.

12.  Defendant denies the allegations in Paragraph 12 of the Amended Complaint.

**JURISDICTION AND VENUE**

13.  Paragraph 13 of the Amended Complaint calls for a legal conclusion to which no response is required. In addition, the allegations in Paragraph 13 relate to a claim that has been

dismissed, which requires no response.

14.     Paragraph 14 of the Amended Complaint calls for a legal conclusion to which no response is required.

15.     Paragraph 15 of the Amended Complaint calls for a legal conclusion to which no response is required.

16.     Paragraph 16 of the Amended Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, NVF admits that at times, its principal offices have been located in the District of Columbia.

17.     The allegations in Paragraph 17 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response. Furthermore, it calls for a legal conclusion to which no response is required.

18.     Paragraph 18 of the Amended Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 18.

**PARTIES**

19.     Defendant lacks knowledge or information sufficient to form a belief about the allegations set forth in the first sentence of Paragraph 19 of the Amended Complaint.   The allegations in the second sentence of Paragraph 19 have been dismissed, in part, and require no response.  Defendant admits that the Plaintiff appears to be an African American female. The last sentence of Paragraph 19 calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in the last sentence of Paragraph 19.

20.     Defendant NVF admits it is a District of Columbia nonprofit corporation with its

principal place of business at 1828 L Street, NW, Suite 300, Washington, DC 20036, that VRL was a fiscally-sponsored projects of NVF, that "Voting Rights Lab" was a registered trade name for NVF, and that some NVF "non-project employees," as it understands the intended use of that term, are located in the District of Columbia.  Defendant denies the remaining allegations of Paragraph 20.

21.     Upon information and belief, Defendant admits the first sentence of Paragraph 21 of the Amended Complaint. Upon information and belief, Defendant denies any allegation inconsistent with the document or documents referenced in the second and third sentences of Paragraph 21 and refers to the true and accurate copy of said document or documents.

22.     Upon information and belief, Defendant admits the allegations contained in the first sentence of Paragraph 22 of the Amended Complaint. Upon information and belief, Defendant denies any allegation inconsistent with the document or documents referenced in the second sentence of Paragraph 22 and refers to the true and accurate copy of said document or documents.

23.     Part of the allegations in Paragraph 23 relate to a claim or claims that have been dismissed, which require no response.  To the extent a response is required, Defendant denies the allegations in Paragraph 23.

## FACTUAL ALLEGATIONS

### A.     Defendants Paid Minority Female Employees Less

24.     Upon information and belief, Defendant denies the allegations in the first sentence of Paragraph 24 of the Amended Complaint.  In addition, the allegations in Paragraph 24 relate to a claim or claims that have been dismissed, which require no response. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 24

25.     The allegations in Paragraph 25 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response. Upon information and belief, and to the extent a response is required, Defendant denies the allegations in Paragraph 25, other than to admit that Ms. Lewis and Ms. Tarazi both appear to be white females

26.     Upon information and belief, Defendant admits the allegations in the first sentence of Paragraph 26 of the Amended Complaint. NVF lacks knowledge or information sufficient to form a belief about the allegations in the second and third sentences of Paragraph 26.  Upon information and belief, Defendant denies the remaining allegations set in Paragraph 26, except that it lacks knowledge or information sufficient to form a belief as to whether Plaintiff was interviewed by Ms. Lewis and offered a position.

27.     Defendant lacks knowledge or information sufficient to form a belief about the allegations of Paragraph 27 of the Amended Complaint.

28.     Upon information and belief, the allegations in Paragraph 28 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response. Upon information and belief, and to the extent a response is required, Defendant denies the allegations in Paragraph 28.

29.     The allegations in Paragraph 29 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response.  To the extent a response is required, Defendant denies the allegations in Paragraph 29.

30.     The allegations in Paragraph 30 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response.  To the extent a response is required, upon information and belief, Defendant denies the allegations in Paragraph 30.

31.     The allegations in Paragraph 31 of the Amended Complaint relate to a claim or

claims that have been dismissed, which require no response.  To the extent a response is required, Defendant admits that Soncia Coleman appears to be an African-American female and that Liz Avore appears to be a white female. Upon information and belief, Defendant denies the remaining allegations in Paragraph 31.

32.    The allegations in Paragraph 32 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response.  Upon information and belief, and to the extent a response is required, Defendant denies the allegations in Paragraph 32

33.    The allegations in Paragraph 33 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response.  To the extent a response is required, Defendant admits the allegations in the first and last sentences of Paragraph 33. Defendant denies the remaining allegation in Paragraph 33.

34.    The allegations in Paragraph 34 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response.  To the extent a response is required, Defendant admits that Sarah Jane Higginbotham was hired in early May 2020. Defendant denies the remaining allegations in Paragraph 34.

35.    The allegations in Paragraph 35 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response.  To the extent a response is required, Defendant denies the allegations in Paragraph 35.

36.    The allegations in Paragraph 36 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response.  To the extent a response is required, Defendant denies the allegations in Paragraph 36.

37.    Defendant lacks knowledge or information sufficient to form a belief about the allegations of Paragraph 37.

38.     Defendant admits that Christian LoBue appears to be an African American female.   Defendant lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 38.

**B.     Defendants Denied Minority Employees Equal Access to Resources**

39.     Defendant admits that as part of a restructure on or around December 1, 2020, Ms. Walker was promoted to Vice President of Advocacy at Voting Rights Lab. Upon information and belief, Defendant admits the remaining allegations in Paragraph 39 of the Amended Complaint.

40.     Upon information and belief, Defendant admits that at the time Ms. Walker was promoted to Vice President, two other employees, both of whom appeared to be white, also had the title Vice President. Upon information and belief, Defendant denies the remaining allegations in Paragraph 40.

41.     The allegations in Paragraph 41 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response.   To the extent a response is required, Defendant denies the allegations in Paragraph 41.

42.     Defendant denies the allegations of the first sentence of Paragraph 42 of the Amended Complaint. Upon information and belief, Defendant denies the remaining allegations in Paragraph 42 of the Amended Complaint.

43.     Upon information and belief, Defendant denies the allegations in Paragraph 43 of the Amended Complaint.

**C.     Defendants Denied Minority Employees Equal Access to Benefits**

44.     Upon information and belief, Defendant denies the allegations in Paragraph 44 of the Amended Complaint.

8

45.     Defendant denies the allegations in Paragraph 45 of the Amended Complaint.

46.     The allegations in Paragraph 46 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response.   To the extent a response is required, Defendant denies the allegations in Paragraph 46.

**D.      Defendants Discriminated Against Plaintiff Because of Her Disability**

47.     The allegations in Paragraph 47 of the Amended Complaint relate to a claim or claims that have been dismissed and call for a legal conclusion, such that no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the non-conclusory factual allegations of Paragraph 47.

48.     The allegations in Paragraph 47 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the non-conclusory factual allegations of Paragraph 48.

49.     The allegations in Paragraph 49 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response. Upon information and belief, and to the extent a response is required, Defendant denies the allegations in Paragraph 49.

50.     Defendant denies the allegations in Paragraph 50.

51.     Defendant denies the allegations in Paragraph 51.

52.     The allegations in Paragraph 52 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response. Upon information and belief, and to the extent a response is required, Defendant denies the allegations in Paragraph 52.

53.     The allegations in Paragraph 53 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response. Upon information and belief, and to

the extent a response is required, Defendant denies the allegations in Paragraph 53.

54.     The allegations in Paragraph 54 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response. To the extent a response is required, Defendant admits that Ms. Harrington was a Vice President and supervisor at VRL. Defendant denies the remaining allegations in Paragraph 54.

**E.    Defendants Created a Hostile Work Environment**

55.     Defendant denies the allegations in Paragraph 55 of the Amended Complaint.

56.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56.

57.     Defendant denies the allegations in the first and second sentence of Paragraph 57 of the Amended Complaint.  Upon information and belief, Defendant denies the remaining allegations in Paragraph 57 of the Amended Complaint.

58.     Upon information and belief, Defendant denies the allegations in Paragraph 58 of the Amended Complaint.

59.     Defendant denies the allegations in Paragraph 59 of the Amended Complaint.

60.     Upon information and belief, Defendant denies the allegations in Paragraph 60 of the Amended Complaint.

61.     Upon information and belief, Defendant denies the allegations in Paragraph 61 of the Amended Complaint.

**F.    Plaintiff Opposed Defendants' Discrimination and Acted as a Whistleblower**

62.     The allegations in Paragraph 62 of the Amended Complaint, in part, relate to a claim or claims that have been dismissed, which require no response.  Defendant denies any allegation that is inconsistent with the document or documents referenced in Paragraph 62 and

refers to the true and accurate copy of said document or documents. To the extent further response is required, Defendant denies the allegations in Paragraph 62.

63.     The allegations in Paragraph 63 relate to a claim or claims that have been dismissed, which require no response.  Defendant denies any allegation that is inconsistent with the document or documents referenced in Paragraph 63 and refers to the true and accurate copy of said document or documents. To the extent further response is required, Defendant denies the allegations in Paragraph 63.

64.     Defendant admits the allegations in Paragraph 64 except that it lacks knowledge or information sufficient to form a belief about "concerns" Plaintiff contends she "shared" during this engagement.

**G.     Plaintiff Opposed Defendants' Violations of the Internal Revenue Laws and Acted as a Whistleblower**

65.     The allegations in Paragraph 65 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response. To the extent a response is required, Defendant denies the allegations in Paragraph 65.

66.     The allegations in Paragraph 66 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response. To the extent a response is required, Defendant denies the allegations in Paragraph 66.

67.     The allegations in Paragraph 67 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response. To the extent a response is required, Defendant denies the allegations in Paragraph 67.

68.     The allegations in Paragraph 68 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response. To the extent a response is required, Defendant denies the allegations in Paragraph 68.

69.     The allegations in Paragraph 69 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response. To the extent a response is required, Defendant denies the allegations in Paragraph 69.

70.     The allegations in Paragraph 70 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response. To the extent a response is required, Defendant denies the allegations in Paragraph 70.

71.     The allegations in Paragraph 71 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response. To the extent a response is required, Defendant denies the allegations in Paragraph 71 except to admit that on October 28, 2021, at 6:06 p.m., Ms. Walker sent an email to NVF General Counsel Andrew Schulz making allegations she portrayed as concerns.

72.     The allegations in Paragraph 72 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response. To the extent a response is required, Defendant denies the allegations in Paragraph 72.

## H.     Retaliation

73.     Defendant admits that on October 29, 2021, at 9:36 a.m., VRL suspended Ms. Walker with pay from all her work with no prior notice.  Defendant denies the remaining allegations in Paragraph 73.

74.     The allegations in Paragraph 74 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response.

75.     The allegations in Paragraph 75 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response.

76.     The allegations in Paragraph 76 of the Amended Complaint relate to a claim or

claims that have been dismissed, which require no response.

77. The allegations in Paragraph 77 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response.

78. The allegations in Paragraph 78 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response. Upon information and belief, and to the extent a response is required, Defendant denies the allegations in Paragraph 78.

79. Defendant admits that it did not offer Ms. Walker a full-time position on or around November 5, 2021 and that Ms. Walker was on paid leave.  Upon information and belief, Defendant denies the remaining allegations of Paragraph 79 of the Amended Complaint.

80. Defendant denies the allegations in Paragraph 80 of the Amended Complaint.

81. Defendant denies any allegation that is inconsistent with the document or documents referenced in Paragraph 81 of the Amended Complaint and refers to the true and accurate copy of said document or documents. Defendant denies the remaining allegations in Paragraph 81.

82. Defendant denies any allegation that is inconsistent with the document or documents referenced in Paragraph 82 of the Amended Complaint and refers to the true and accurate copy of said document or documents.

83. Upon information and belief, Defendant denies the allegations set forth in the first sentence of paragraph 83 of the Amended Complaint. The second sentence of Paragraph 83 improperly and incorrectly assumes as a central premise that Plaintiff was terminated from her employment, which is not the case and is denied. Upon information and belief, Defendant further denies that Plaintiff was not provided any information about her last day at SD.

84. Upon information and belief, Defendant denies the allegations in Paragraph 84.

85.     Defendant admits the allegations in the first sentence of Paragraph 85, but denies any allegation inconsistent with the document or documents referenced in Paragraph 85 and refers to the true and accurate copy of said document or documents. To the extent a further response is required, Defendant denies the remaining allegations in Paragraph 85.

86.     The allegations in Paragraph 86 relate to a claim or claims that have been dismissed, which require no response. To the extent a response is required, Defendant denies the allegations in Paragraph 86

87.     Defendant denies the allegations in Paragraph 87 of the Amended Complaint.

88.     Defendant denies any allegation inconsistent with the document or documents referenced in the first two sentences of Paragraph 88 and refers to the true and accurate copy of said document or documents. Defendant denies the remaining allegations in Paragraph 88.

89.     Defendant admits the allegations in Paragraph 89 to the extent of receiving any compensation or fringe benefits from NVF.  Upon information and belief, Plaintiff is and has been receiving pay and benefits from other employment.

**I.     Damages Suffered**

90.     Defendant denies the allegations in Paragraph 90 of the Amended Complaint.

91.     Defendant denies the allegations in Paragraph 91 of the Amended Complaint.

92.     Defendant denies the allegations in Paragraph 92 of the Amended Complaint.

93.     Defendant denies the allegations in Paragraph 93 of the Amended Complaint.

94.     Defendant denies the allegations in the first sentence of Paragraph 94 of the Amended Complaint.  Upon information and belief, Defendant denies the remaining allegations in Paragraph 94 of the Amended Complaint.

95.     Upon information and belief, Defendant denies the allegations in Paragraph 95 of

the Amended Complaint.

96.     Upon information and belief, Defendant denies the allegations in Paragraph 96 of the Amended Complaint.

97.     Defendant denies the allegations in Paragraph 97 of the Amended Complaint.

98.     Defendant denies the allegations in Paragraph 98 of the Amended Complaint.

## <u>CLAIMS</u>

### FIRST CAUSE OF ACTION
### Retaliation Prohibited by TFA

99.     Defendant repeats its responses to all previous allegations of the Amended Complaint as if they were set forth in detail herein.

100.    No response is required as the "First Cause of Action" has been dismissed.

101.    No response is required as the "First Cause of Action" has been dismissed.

102.    No response is required as the "First Cause of Action" has been dismissed.

103.    No response is required as the "First Cause of Action" has been dismissed.

104.    No response is required as the "First Cause of Action" has been dismissed.

105.    No response is required as the "First Cause of Action" has been dismissed.

106.    No response is required as the "First Cause of Action" has been dismissed.

107.    No response is required as the "First Cause of Action" has been dismissed.

### SECOND CAUSE OF ACTION
### Discrimination on the Basis of Race in Violation of the DCHRA

108.    Defendant repeats its responses to all previous allegations of the Amended Complaint as if they were set forth in detail herein.

109.    No response is required as the "Second Cause of Action" has been dismissed.

110.    No response is required as the "Second Cause of Action" has been dismissed.

111.    No response is required as the "Second Cause of Action" has been dismissed.

112.    No response is required as the "Second Cause of Action" has been dismissed.

113.    No response is required as the "Second Cause of Action" has been dismissed.

114.    No response is required as the "Second Cause of Action" has been dismissed.

115.    No response is required as the "Second Cause of Action" has been dismissed.

116.    No response is required as the "Second Cause of Action" has been dismissed.

117.    No response is required as the "Second Cause of Action" has been dismissed.

118.    No response is required as the "Second Cause of Action" has been dismissed.

119.    No response is required as the "Second Cause of Action" has been dismissed.

120.    No response is required as the "Second Cause of Action" has been dismissed.

## THIRD CAUSE OF ACTION
### Discrimination on the Basis of Sex in Violation of the DCHRA

121.    Defendant repeats its responses to all previous allegations of the Amended Complaint as if they were set forth in detail herein.

122.    No response is required as the "Third Cause of Action" has been dismissed.

123.    No response is required as the "Third Cause of Action" has been dismissed.

124.    No response is required as the "Third Cause of Action" has been dismissed.

125.    No response is required as the "Third Cause of Action" has been dismissed.

126.    No response is required as the "Third Cause of Action" has been dismissed.

127.    No response is required as the "Third Cause of Action" has been dismissed.

128.    No response is required as the "Third Cause of Action" has been dismissed.

## FOURTH CAUSE OF ACTION
### Discrimination on the Basis of Disability in Violation of the DCHRA

129.    Defendant repeats its responses to all previous allegations of the Amended

Complaint as if they were set forth in detail herein.

130.    No response is required as the "Fourth Cause of Action" has been dismissed.

131.    No response is required as the "Fourth Cause of Action" has been dismissed.

132.    No response is required as the "Fourth Cause of Action" has been dismissed.

133.    No response is required as the "Fourth Cause of Action" has been dismissed.

134.    No response is required as the "Fourth Cause of Action" has been dismissed.

135.    No response is required as the "Fourth Cause of Action" has been dismissed.

136.    No response is required as the "Fourth Cause of Action" has been dismissed.

137.    No response is required as the "Fourth Cause of Action" has been dismissed.

138.    No response is required as the "Fourth Cause of Action" has been dismissed.

## FIFTH CAUSE OF ACTION
### Hostile Work Environment in Violation of the DCHRA

139.    Defendant repeats its responses to all previous allegations of the Amended Complaint as if they were set forth in detail herein.

140.    Defendant denies any allegation inconsistent with the Statute/Code referenced in paragraph 140 of the Amended Complaint and refers to the true and accurate copy of the Statute/Code.

141.    Defendant denies any allegation inconsistent with the Statute/Code referenced in paragraph 141 of the Amended Complaint and refers to the true and accurate copy of the Statute/Code.

142.    Defendant admits the allegations in paragraph 142 of the Amended Complaint.

143.    Defendant denies the allegations in Paragraph 143 of the Amended Complaint.

144.    Defendant denies the allegations in Paragraph 144 of the Amended Complaint.

145.    Defendant denies the allegations in Paragraph 145 of the Amended Complaint.

146.     Defendant denies the allegations in Paragraph 146 of the Amended Complaint.

147.     Defendant denies the allegations in Paragraph 147 of the Amended Complaint.

148.     Paragraph 148 of the Amended Complaint does not contain factual allegations capable of a response. To the extent a response is required, Defendant denies all allegations of engaging in illegal, unlawful, or prohibited conduct.

**SIXTH CAUSE OF ACTION**
**Retaliation in Violation of the DCHRA**

149.     Defendant repeats its responses to all previous allegations of the Amended Complaint as if they were set forth in detail herein.

150.     Defendant denies any allegation that is inconsistent with the Statute/Code referenced in paragraph 150 of the Amended Complaint and refer to the true and accurate copy of the said Statute/Code.

151.     Defendant denies any allegation inconsistent with the Statute/Code referenced in paragraph 151 of the Amended Complaint and refers to the true and accurate copy of the said Statute/Code.

152.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 152 of the Amended Complaint. To the extent a response is required, Defendant denies all allegations of engaging in illegal, unlawful or prohibited conduct.

153.     Defendant denies any allegation that is inconsistent with the document or documents referenced in Paragraph 153 of the Amended Complaint and refers to the true and accurate copy of said document or documents.  Defendant denies all allegations that it engaged in illegal, unlawful, or prohibited conduct.

154.     Defendant denies the allegations in Paragraph 154 of the Amended Complaint except to admit that it placed Plaintiff on paid leave from her position with NVF.

155.    Defendant denies the allegations in Paragraph 155 of the Amended Complaint.

156.    Defendant denies the allegations in Paragraph 156 of the Amended Complaint.

157.    Defendant denies the allegations in Paragraph 157 of the Amended Complaint.

158.    Defendant denies the allegations in Paragraph 158 of the Amended Complaint.

159.    Paragraph 159 of the Amended Complaint does not contain factual allegations relating to this Defendant, requiring a response.  To the extent a response is required, upon information and belief Defendant denies the allegations in Paragraph 159.

160.    Paragraph 160 of the Amended Complaint does not contain factual allegations relating to this Defendant, requiring a response.  To the extent a response is required, upon information and belief Defendant denies the allegations in Paragraph 160.

161.    Defendant denies the allegations in Paragraph 161 of the Amended Complaint.

162.    Defendant denies the allegations in Paragraph 162 of the Amended Complaint.

163.    Paragraph 163 of the Amended Complaint does not contain factual allegations capable of a response. To the extent a response is required, Defendant denies all allegations of engaging in illegal, unlawful, or prohibited conduct.

### SEVENTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

164.    Defendant repeats its responses to all previous allegations of the Amended Complaint as if they were set forth in detail herein.

165.    No response is required as the "Seventh Cause of Action" has been dismissed.

166.    No response is required as the "Seventh Cause of Action" has been dismissed.

167.    No response is required as the "Seventh Cause of Action" has been dismissed.

168.    No response is required as the "Seventh Cause of Action" has been dismissed.

169.    No response is required as the "Seventh Cause of Action" has been dismissed.

170.    No response is required as the "Seventh Cause of Action" has been dismissed.

171.    No response is required as the "Seventh Cause of Action" has been dismissed.

The lettered paragraphs on page 16 of the Amended Complaint are a prayer for declaratory, compensatory, equitable, and other relief to which no answer is required.  To the extent an answer is required, Defendant denies that it is liable to the Plaintiff in any amount or upon any theory of recovery and further denies that Plaintiff is entitled to any of the non-monetary relief she demands.  Defendant respectfully requests that Plaintiff's claims be dismissed with prejudice and that Plaintiff take nothing by reason of said Amended Complaint. Defendant further requests that the Court award Defendant any further relief it deems just and proper, including, but not limited to, all costs, disbursements, and attorneys' fees incurred by Defendant in connection with the defense of this matter.

## GENERAL DENIAL

NVF denies all allegations not expressly admitted herein.

## ADDITIONAL DEFENSES

As additional defenses to the Complaint, NVF alleges as follows:

## FIRST DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations, estoppel, release, laches, set-off, or waiver.

## SECOND DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

## THIRD DEFENSE

Plaintiff's claims for damages are barred or reduced by her failure to mitigate her alleged

damages or by the actual mitigation of damages and/or by his inability to prove actual damages.

### FOURTH DEFENSE

NVF's liability for Plaintiff's claims is barred to the extent the alleged conduct was engaged in by employees and/or agents acting outside the scope of their employment and/or agency.

### FIFTH DEFENSE

Plaintiff's claims for punitive and liquidated damages are barred because NVF did not engage in any conduct which would rise to the level required to sustain an award of punitive or liquidated damages.

### SIXTH DEFENSE

Even assuming that Plaintiff's allegations were sufficient to warrant an award of punitive or liquidated damages (and they are not), an award of punitive or liquidated damages would be precluded by Defendant's good faith efforts to comply with federal law, including all laws pertaining to employment, and because the same action would have been taken regarding the Plaintiff's employment even in the absence of a discriminatory motive.

### SEVENTH DEFENSE

Plaintiff's claims are barred and/or recovery of damages is precluded due to Plaintiff's own misconduct that may be revealed during the discovery process (after-acquired evidence doctrine).

### EIGHTH DEFENSE

At all times relevant hereto, NVF acted in good faith and has not violated any rights which may be secured to Plaintiff under any federal, state, or local laws, rules, regulations, or guidelines, including but not limited to robust policies and procedures for preventing and

detecting unlawful retaliatory and discriminatory practices and by Plaintiff's failure to make use of those procedures or to avoid harm otherwise.

## NINTH DEFENSE

Plaintiff's claims for damages are barred in whole or in part because any losses or damages sustained by Plaintiff are *de minimis*, speculative, and/or transient and hence are not cognizable at law.

## TENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

## ELEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent she has failed to exhaust administrative remedies or has chosen to elect her remedies in another forum.

## TWELVTH DEFENSE

None of the Defendants are the alter ego of any other entity alleged in the Complaint.

## THIRTEENTH DEFENSE

None of the Defendants are the legal predecessors of any other entity alleged in the Complaint.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by D.C. Code §29-412.06.

## FIFTEENTH SEPARATE DEFENSE

Plaintiff's claim for punitive damages violates Defendant's rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

## SIXTEENTH DEFENSE

Plaintiff is not entitled to punitive damages as Defendant's actions or inactions toward Plaintiff, if any, were not committed with malice and/or reckless indifference or disregard of any

rights of Plaintiff and Defendant pleads all defenses made available by the Supreme Court's decision in <u>Kolstad v. American Dental Association</u>.


NVF reserves the right to rely on each and every additional defense that may become known to it through the course of this litigation, including discovery, trial, or otherwise.  NVF expressly reserves the right to amend this Answer, to assert different or additional defenses, or to otherwise amend any of its denials or averments.

WHEREFORE, NVF respectfully requests that Plaintiff's claims be dismissed. as follows:

1.      For an Order dismissing Plaintiff's Complaint with prejudice and entering judgment in favor of NVF and against Plaintiff;

2.      For all costs, disbursements and reasonable attorney's fees incurred by NVF in connection with the defense of this matter; and

3.      For all other relief as the Court in the exercise of its discretion deems just and proper.

Respectfully submitted,


Dated: April 11, 2024                          /s/ Joseph E. Schuler
                                               Joseph E. Schuler (DC Bar No. 296269)
                                               Roy Lyford-Pike (DC Bar No. MD0084)
                                               **Jackson Lewis P.C.**
                                               10701 Parkridge Boulevard, Suite 300
                                               Reston, VA  20191
                                               (703) 483-8300 – Phone
                                               (703) 483-8301 – Fax
                                               Joseph.Schuler@jacksonlewis.com
                                               Roy.Lyford-Pike@jacksonlewis.com

                                               *Counsel for New Venture Fund*