**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

SARAH WALKER,

               Plaintiff,

   v.

NEW VENTURE FUND, *et. al.*,

               Defendants.

Case No. 1:22-cv-03312-APM

## DEFENDANT SECURE DEMOCRACY'S ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Secure Democracy ("Defendant"), by way of answer to Plaintiff Sarah Walker's ("Plaintiff") Complaint, states as follows:

In response to the enumeration of claims before Paragraph 1 of the Amended Complaint, Defendant admits that Plaintiff attempts to allege a hostile work environment and retaliation under the District of Columbia Human Rights Act ("DCHRA") against Defendant. The remaining allegations before Paragraph 1 of the Complaint pertain to claims that have already been dismissed, and therefore, no responsive pleading is required. To the extent a response is required, Defendant denies the claims and denies explicitly that it discriminated or retaliated against Plaintiff or engaged in any form of illegal, unlawful, or prohibited conduct.

## NATURE OF THE ACTION

1.      Paragraph 1 of the Amended Complaint does not contain factual allegations relating to this Defendant to which a response is required. In addition, the allegations in Paragraph 1 relate to a claim or claims that have been dismissed, which require no response.

2.      Paragraph 2 of the Amended Complaint does not contain factual allegations relating to this Defendant to which a response is required. In addition, the allegations in Paragraph 2 relate to a claim or claims that have been dismissed, which require no response.

3.      Paragraph 3 of the Amended Complaint does not contain factual allegations relating to this Defendant to which a response is required.

4.      Paragraph 4 of the Amended Complaint, in part, calls for a legal conclusion to which no response is required.  Defendant denies all other allegations in Paragraph 4 other than to admit that it is exempt from taxation as a social advocacy organization under section 501(c)(4) of the Internal Revenue Code and that part of Defendant's mission was to protect and secure fair elections.

5.      Defendant denies the allegations in Paragraph 5 of the Amended Complaint except to admit that Defendant was established in 2018 and that before its dissolution, Heather Smith, who is a white female, was the Chair of Defendant's Board of Directors.

6.      Paragraph 6 of the Amended Complaint does not contain factual allegations relating to this Defendant to which a response is required.

7.      The allegations in the first sentence of Paragraph 7 of the Amended Complaint have been dismissed, in part, and require no response. Defendant denies the allegations of the first sentence of Paragraph 7, other than to admit that Plaintiff is an African American woman. Defendant denies the allegations of Paragraph 7, other than to admit that Plaintiff began her employment in September 2019 as an Associate Director and was continually promoted throughout her employment with Defendant.

8.      Paragraph 8 of the Amended Complaint does not contain factual allegations relating to this Defendant to which a response is required.

9.      Paragraph 9 of the Amended Complaint does not contain factual allegations relating to this Defendant to which a response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 9 of the Amended Complaint.

10.     Defendant denies the allegations in Paragraph 10 of the Amended Complaint.

11.     The allegations in Paragraph 11 relate, in part, to a claim or claims that have been dismissed and require no response. Defendant denies all remaining allegations in Paragraph 11 of the Amended Complaint.

12.     Defendant denies the allegations in Paragraph 12 of the Amended Complaint.

## JURISDICTION AND VENUE

13.     Paragraph 13 of the Amended Complaint calls for a legal conclusion to which no response is required. In addition, the allegations in Paragraph 13 relate to a claim that has been dismissed, which requires no response.

14.     Paragraph 14 of the Amended Complaint calls for a legal conclusion to which no response is required.

15.     Paragraph 15 of the Amended Complaint calls for a legal conclusion to which no response is required.

16.     Paragraph 16 of the Amended Complaint calls for a legal conclusion to which no response is required.

17.     The allegations in Paragraph 17 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response.

18.     Paragraph 18 of the Amended Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 18.

## PARTIES

19.     Defendant lacks sufficient information to admit or deny the allegations set forth in the first sentence of Paragraph 19 of the Amended Complaint.  The allegations in the second sentence of Paragraph 19 have been dismissed, in part, and require no response.  Defendant admits that the Plaintiff is an African American female. The last sentence of Paragraph 19 calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in the last sentence of Paragraph 19.

20.     Paragraph 20 of the Amended Complaint does not contain factual allegations relating to this Defendant to which a response is required.

21.     Defendant admits the first sentence of Paragraph 21 of the Amended Complaint. Defendant denies any allegation inconsistent with the document or documents referenced in the second and third sentences of Paragraph 21 and refers to the true and accurate copy of said document or documents.

22.     The first sentence of Paragraph 22 of the Amended Complaint does not contain factual allegations relating to this Defendant to which a response is required. Defendant denies any allegation inconsistent with the document or documents referenced in the second sentence of Paragraph 22 and refers to the true and accurate copy of said document or documents.

23.     Paragraph 23 of the Amended Complaint does not contain factual allegations relating to this Defendant to which a response is required.  In addition, in part, the allegations in Paragraph 23 relate to a claim or claims that have been dismissed, which require no response.  To the extent a response is required, Defendant denies the allegations in Paragraph 23.

## FACTUAL ALLEGATIONS

**A.  As To "Defendants Paid Minority Female Employees Less"**

24.      Defendant denies the allegations in the first sentence of Paragraph 24 of the Amended Complaint.  In addition, the allegations in Paragraph 24 relate to a claim or claims that have been dismissed, which require no response. To the extent a response is required, Defendant denies the allegations in Paragraph 24.

25.      The allegations in Paragraph 25 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response. To the extent a response is required, Defendant denies the allegations in Paragraph 25, other than to admit that Ms. Lewis and Ms. Tarazi are both white females.

26.      Defendant admits the allegations in the first sentence of Paragraph 26 of the Amended Complaint. The allegations in the second and third sentences of Paragraph 26 do not contain factual allegations to which a response can be provided.  Defendant denies the remaining allegations set in Paragraph 26, except to admit that Plaintiff was interviewed by Ms. Lewis and offered a position.

27.      Paragraph 27 of the Amended Complaint does not contain factual allegations relating to this Defendant to which a response is required. In addition, the allegations in Paragraph 27 relate to a claim or claims that have been dismissed, which require no response.  To the extent a response is required, Defendant denies the allegations in the second sentence of Paragraph 27.

28.      The allegations in Paragraph 28 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response.  To the extent a response is required, Defendant denies the allegations in Paragraph 28.

29.      Paragraph 29 of the Amended Complaint does not contain factual allegations relating to this Defendant to which a response is required. In addition, the allegations in Paragraph

29 relate to a claim or claims that have been dismissed, which require no response.  To the extent a response is required, Defendant denies the allegations in Paragraph 29.

30.     The allegations in Paragraph 30 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response.  To the extent a response is required, Defendant denies the allegations in Paragraph 30.

31.     The allegations in Paragraph 31 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response.  To the extent a response is required, Defendant denies the allegations in Paragraph 31.

32.     The allegations in Paragraph 32 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response.  To the extent a response is required, Defendant denies the allegations in Paragraph 32.

33.     The allegations in Paragraph 33 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response.  To the extent a response is required, Defendant denies the allegations in Paragraph 33.

34.     The allegations in Paragraph 34 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response.  To the extent a response is required, Defendant denies the allegations in Paragraph 34.

35.     The allegations in Paragraph 35 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response.  To the extent a response is required, Defendant denies the allegations in Paragraph 35.

36.     The allegations in Paragraph 36 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response.  To the extent a response is required, Defendant denies the allegations in Paragraph 36.

37.     Defendant is without information sufficient to admit or deny the allegations in Paragraph 37 of the Amended Complaint. To the extent a response is required, Defendant denies the allegations in Paragraph 37.

38.     Defendant denies the allegations in Paragraph 38 of the Amended Complaint.

**B.  As To "Defendants Denied Minority Employees Equal Access to Resources"**

39.     Defendant admits the allegations in Paragraph 39 of the Amended Complaint.

40.     Defendant denies the allegations in Paragraph 40.

41.     The allegations in Paragraph 41 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response.  To the extent a response is required, Defendant denies the allegations in Paragraph 41.

42.     Defendant denies the allegations in Paragraph 42 of the Amended Complaint.

43.     Defendant denies the allegations in Paragraph 43 of the Amended Complaint.

**C.  As To: "Defendants Denied Minority Employees Equal Access to Benefits"**

44.     Defendant denies the allegations in Paragraph 44 of the Amended Complaint.

45.     Defendant denies the allegations in Paragraph 45 of the Amended Complaint.

46.     The allegations in Paragraph 46 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response.  To the extent a response is required, Defendant denies the allegations in Paragraph 46.

**D.  As To: "Defendants Discriminated Against Plaintiff Because of Her Disability"**

47.     The allegations in Paragraph 47 of the Amended Complaint relate to a claim or claims that have been dismissed and call for a legal conclusion, such that no response is required.

48.     The allegations in Paragraph 47 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response.

49.     The allegations in Paragraph 49 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response.

50.     The allegations in Paragraph 50 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response. To the extent a response is required, Defendant denies the allegations in Paragraph 50.

51.     The allegations in Paragraph 51 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response. To the extent a response is required, Defendant denies the allegations in Paragraph 51.

52.     The allegations in Paragraph 52 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response. To the extent a response is required, Defendant denies the allegations in Paragraph 52.

53.     The allegations in Paragraph 53 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response. To the extent a response is required, Defendant denies the allegations in Paragraph 53.

54.     The allegations in Paragraph 54 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response. To the extent a response is required, Defendant denies the allegations in Paragraph 54.

**E.  As To: "Defendants Created a Hostile Work Environment"**

55.     Defendant denies the allegations in Paragraph 55 of the Amended Complaint.

56.     Defendant denies the allegations in Paragraph 56 of the Amended Complaint.

57.     Defendant denies the allegations in Paragraph 57 of the Amended Complaint.

58.     Defendant denies the allegations in Paragraph 58 of the Amended Complaint.

59.     Defendant denies the allegations in Paragraph 59 of the Amended Complaint.

60.     Defendant denies the allegations in Paragraph 60 of the Amended Complaint.

61.     Defendant denies the allegations in Paragraph 61 of the Amended Complaint.

**F. As To: "Plaintiff Opposed Defendants' Discrimination and Acted as a Whistleblower"**

62.     The allegations in Paragraph 62 of the Amended Complaint, in part, relate to a claim or claims that have been dismissed, which require no response.  Defendant denies any allegation that is inconsistent with the document or documents referenced in Paragraph 62 and refers to the true and accurate copy of said document or documents. To the extent further response is required, Defendant denies the allegations in Paragraph 62.

63.     The allegations in Paragraph 63 relate to a claim or claims that have been dismissed, which require no response.

64.     Paragraph 64 of the Amended Complaint does not contain factual allegations relating to this Defendant to which a response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 64.

**G. As To: "Plaintiff Opposed Defendants' Violations of the Internal Revenue Laws and Acted as a Whistleblower"**

65.     The allegations in Paragraph 65 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response. To the extent a response is required, Defendant denies the allegations in Paragraph 65.

66.     The allegations in Paragraph 66 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response. To the extent a response is required, Defendant denies the allegations in Paragraph 66.

67.     The allegations in Paragraph 67 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response. To the extent a response is required, Defendant denies the allegations in Paragraph 67.

68.     The allegations in Paragraph 68 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response. To the extent a response is required, Defendant denies the allegations in Paragraph 68.

69.     The allegations in Paragraph 69 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response. To the extent a response is required, Defendant denies the allegations in Paragraph 69.

70.     The allegations in Paragraph 70 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response. To the extent a response is required, Defendant denies the allegations in Paragraph 70.

71.     The allegations in Paragraph 71 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response. To the extent a response is required, Defendant denies the allegations in Paragraph 71.

72.     The allegations in Paragraph 72 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response. To the extent a response is required, Defendant denies the allegations in Paragraph 72.

**H.  As To: "Retaliation"**

73.     The allegations in Paragraph 73 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response.

74.     The allegations in Paragraph 74 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response.

75.     The allegations in Paragraph 75 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response.

76.     The allegations in Paragraph 76 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response.

77.     The allegations in Paragraph 77 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response.

78.     The allegations in Paragraph 78 of the Amended Complaint relate to a claim or claims that have been dismissed, which require no response. To the extent a response is required, Defendant denies the allegations in Paragraph 78.

79.     Defendant denies the allegations in the first sentence of Paragraph 79 of the Amended Complaint. The second sentence of Paragraph 79 does not contain factual allegations relating to this Defendant to which a response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 79.

80.     Defendant denies the allegations in Paragraph 80 of the Amended Complaint.

81.     The first sentence of Paragraph 81 does not contain factual allegations relating to this Defendant to which a response is required. Defendant denies the remaining allegations in Paragraph 81.

82.     Defendant denies any allegation that is inconsistent with the document or documents referenced in Paragraph 82 of the Amended Complaint and refers to the true and accurate copy of said document or documents.

83.     Defendant denies the allegations set forth in the first sentence of paragraph 83 of the Amended Complaint. The second sentence of Paragraph 83 improperly and incorrectly assumes as a central premise that Plaintiff was terminated from her employment, which is not the

case and is denied. Defendant further denies that Plaintiff was not provided any information about her last day at SD.

84.     Defendant denies the allegations in Paragraph 84.

85.     Paragraph 85 of the Amended Complaint does not contain factual allegations relating to this Defendant to which a response is required. Defendant denies any allegation inconsistent with the document or documents referenced in Paragraph 85 and refers to the true and accurate copy of said document or documents. To the extent a further response is required, Defendant denies the allegations in Paragraph 85.

86.     Paragraph 86 of the Amended Complaint does not contain factual allegations relating to this Defendant to which a response is required. In addition, the allegations in Paragraph 86 relate to a claim or claims that have been dismissed, which require no response. To the extent a response is required, Defendant denies the allegations in Paragraph 86.

87.     Defendant denies the allegations in Paragraph 87 of the Amended Complaint.

88.     Defendant denies any allegation inconsistent with the document or documents referenced in the first two sentences of Paragraph 88 and refers to the true and accurate copy of said document or documents.  The third sentence of Paragraph 88 does not contain factual allegations relating to this Defendant, requiring a response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

89.     Paragraph 89 of the Amended Complaint does not contain factual allegations relating to this Defendant to which a response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

**I.   As To: "Damages Suffered"**

90.   Defendant denies the allegations in Paragraph 90 of the Amended Complaint.

91.   Defendant denies the allegations in Paragraph 91 of the Amended Complaint.

92.   Defendant denies the allegations in Paragraph 92 of the Amended Complaint.

93.   Defendant denies the allegations in Paragraph 93 of the Amended Complaint.

94.   Defendant denies the allegations in Paragraph 94 of the Amended Complaint.

95.   Defendant denies the allegations in Paragraph 95 of the Amended Complaint.

96.   Defendant denies the allegations in Paragraph 96 of the Amended Complaint.

97.   Defendant denies the allegations in Paragraph 97 of the Amended Complaint.

98.   Defendant denies the allegations in Paragraph 98 of the Amended Complaint.

<u>**CLAIMS**</u>

**FIRST CAUSE OF ACTION**
**Retaliation Prohibited by TFA**

99.   Defendant repeats its responses to all previous allegations of the Amended Complaint as if they were set forth in detail herein.

100.   No response is required as the "First Cause of Action" has been dismissed.

101.   No response is required as the "First Cause of Action" has been dismissed.

102.   No response is required as the "First Cause of Action" has been dismissed.

103.   No response is required as the "First Cause of Action" has been dismissed.

104.   No response is required as the "First Cause of Action" has been dismissed.

105.   No response is required as the "First Cause of Action" has been dismissed.

106.   No response is required as the "First Cause of Action" has been dismissed.

107.   No response is required as the "First Cause of Action" has been dismissed.

**SECOND CAUSE OF ACTION**

**Discrimination on the Basis of Race in Violation of the DCHRA**

108.    Defendant repeats its responses to all previous allegations of the Amended Complaint as if they were set forth in detail herein.

109.    No response is required as the "Second Cause of Action" has been dismissed.

110.    No response is required as the "Second Cause of Action" has been dismissed.

111.    No response is required as the "Second Cause of Action" has been dismissed.

112.    No response is required as the "Second Cause of Action" has been dismissed.

113.    No response is required as the "Second Cause of Action" has been dismissed.

114.    No response is required as the "Second Cause of Action" has been dismissed.

115.    No response is required as the "Second Cause of Action" has been dismissed.

116.    No response is required as the "Second Cause of Action" has been dismissed.

117.    No response is required as the "Second Cause of Action" has been dismissed.

118.    No response is required as the "Second Cause of Action" has been dismissed.

119.    No response is required as the "Second Cause of Action" has been dismissed.

120.    No response is required as the "Second Cause of Action" has been dismissed.

**THIRD CAUSE OF ACTION**
**Discrimination on the Basis of Sex in Violation of the DCHRA**

121.    Defendant repeats its responses to all previous allegations of the Amended Complaint as if they were set forth in detail herein.

122.    No response is required as the "Third Cause of Action" has been dismissed.

123.    No response is required as the "Third Cause of Action" has been dismissed.

124.    No response is required as the "Third Cause of Action" has been dismissed.

125.    No response is required as the "Third Cause of Action" has been dismissed.

126.    No response is required as the "Third Cause of Action" has been dismissed.

127.    No response is required as the "Third Cause of Action" has been dismissed.

128.    No response is required as the "Third Cause of Action" has been dismissed.

## FOURTH CAUSE OF ACTION
### Discrimination on the Basis of Disability in Violation of the DCHRA

129.    Defendant repeats its responses to all previous allegations of the Amended Complaint as if they were set forth in detail herein.

130.    No response is required as the "Fourth Cause of Action" has been dismissed.

131.    No response is required as the "Fourth Cause of Action" has been dismissed.

132.    No response is required as the "Fourth Cause of Action" has been dismissed.

133.    No response is required as the "Fourth Cause of Action" has been dismissed.

134.    No response is required as the "Fourth Cause of Action" has been dismissed.

135.    No response is required as the "Fourth Cause of Action" has been dismissed.

136.    No response is required as the "Fourth Cause of Action" has been dismissed.

137.    No response is required as the "Fourth Cause of Action" has been dismissed.

138.    No response is required as the "Fourth Cause of Action" has been dismissed.

## FIFTH CAUSE OF ACTION
### Hostile Work Environment in Violation of the DCHRA

139.    Defendant repeats its responses to all previous allegations of the Amended Complaint as if they were set forth in detail herein.

140.    Defendant denies any allegation inconsistent with the D.C. Code section (2-1402.11(a)) referenced in paragraph 140 of the Amended Complaint and refers to the true and accurate copy of D.C. Code § 2-1402.11(a).

141.    Defendant denies any allegation inconsistent with the D.C. Code section (2-1402.11(a)) referenced in paragraph 141 of the Amended Complaint and refers to the true and accurate copy of that D.C. Code § 2-1402.11(a).

142.    Defendant admits the allegations in paragraph 142 of the Amended Complaint.

143.    The first sentence of Paragraph 143 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies all allegations in Paragraph 143 of the Amended Complaint.

144.    Defendant denies the allegations in Paragraph 144 of the Amended Complaint.

145.    Paragraph 145 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 145 of the Amended Complaint.

146.    Defendant denies the allegations in Paragraph 146 of the Amended Complaint.

147.    Defendant denies the allegations in Paragraph 147 of the Amended Complaint.

148.    Paragraph 148 of the Amended Complaint does not contain factual allegations capable of a response. To the extent a response is required, Defendant denies all allegations of engaging in illegal, unlawful, or prohibited conduct.

**SIXTH CAUSE OF ACTION**
**Retaliation in Violation of the DCHRA**

149.    Defendant repeats its responses to all previous allegations of the Amended Complaint as if they were set forth in detail herein.

150.    Defendant denies any allegation that is inconsistent with the D.C. Code section (§ 2-1402.61(a)) referenced in paragraph 150 of the Amended Complaint and refers to the true and accurate copy of D.C. Code § 2-1402.61(a).

151.    Defendant denies any allegation inconsistent with the D.C. Code section (§ 2-1402.61(a)) referenced in paragraph 151 of the Amended Complaint and refers to the true and accurate copy of D.C. Code § 2-1402.61(a).

152.    Defendant lacks knowledge or information sufficient to believe in the truth of the allegations in Paragraph 152 of the Amended Complaint. To the extent a response is required, Defendant denies all allegations that it engaged in illegal, unlawful, or prohibited conduct.

153.    Defendant denies any allegation that is inconsistent with the document or documents referenced in Paragraph 153 of the Amended Complaint and refers to the true and accurate copy of said document or documents.  Defendant denies all allegations that it engaged in illegal, unlawful, or prohibited conduct.

154.    Paragraph 154 of the Amended Complaint does not contain factual allegations relating to this Defendant to which a response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 154 of the Amended Complaint.

155.    Defendant denies the allegations in Paragraph 155 of the Amended Complaint.

156.    Defendant denies the allegations in Paragraph 156 of the Amended Complaint.

157.    Paragraph 157 of the Amended Complaint does not contain factual allegations relating to this Defendant to which a response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 157.

158.    Defendant denies the allegations in Paragraph 158 of the Amended Complaint.

159.    Defendant denies the allegations in Paragraph 159 of the Amended Complaint.

160.    Defendant denies the allegations in Paragraph 160 of the Amended Complaint.

161.    Defendant denies the allegations in Paragraph 161 of the Amended Complaint.

162.    Defendant denies the allegations in Paragraph 162 of the Amended Complaint.

163.    Paragraph 163 of the Amended Complaint does not contain factual allegations capable of a response. To the extent a response is required, Defendant denies all allegations of engaging in illegal, unlawful, or prohibited conduct.

## SEVENTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

164.    Defendant repeats its responses to all previous allegations of the Amended Complaint as if they were set forth in detail herein.

165.    No response is required as the "Seventh Cause of Action" has been dismissed.

166.    No response is required as the "Seventh Cause of Action" has been dismissed.

167.    No response is required as the "Seventh Cause of Action" has been dismissed.

168.    No response is required as the "Seventh Cause of Action" has been dismissed.

169.    No response is required as the "Seventh Cause of Action" has been dismissed.

170.    No response is required as the "Seventh Cause of Action" has been dismissed.

**WHEREFORE**, Defendant Secure Democracy requests that the Court dismiss the Amended Complaint with prejudice, award judgment in its favor, award its attorneys' fees and costs associated with the defense of this matter, and award all other just and proper relief.

## GENERAL DENIAL

Defendant denies every allegation not expressly admitted to herein.

## AFFIRMATIVE DEFENSES

Defendant asserts the following separate defenses, without assuming the burden of proof on any defense except as required by applicable law.

## FIRST SEPARATE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

**SECOND SEPARATE DEFENSE**

Plaintiff's claims or damages are barred in whole or in part by the doctrine of waiver, estoppel, laches, unclean hands, and/or other related equitable doctrines.

**THIRD SEPARATE DEFENSE**

Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations and/or other limitations period(s).

**FOURTH SEPARATE DEFENSE**

Plaintiff's claims are barred in whole or in part by D.C. Code § 29-412.06.

**FIFTH SEPARATE DEFENSE**

Plaintiff's claims are barred in whole or in part to the extent she has failed to exhaust administrative remedies or has chosen to elect her remedies in another forum.

**SIXTH SEPARATE DEFENSE**

Under the facts pled, Plaintiff is not entitled to any relief as a matter of law.

**SEVENTH SEPARATE DEFENSE**

Plaintiff was not terminated from her employment with Defendant; thus, Defendant cannot be liable under the DCHRA for having taken any adverse action.

**EIGHTH SEPARATE DEFENSE**

Plaintiff's claims are barred because all actions taken against her by Defendant, were based on legitimate, non-discriminatory, and non-retaliatory reasons.

## NINTH SEPARATE DEFENSE

Any alleged acts or omissions on the part of Defendant with respect to the terms, conditions, or privileges of Plaintiff's employment were taken in good faith, and Defendant had reasonable grounds for believing that any such act or omission was not violating the DCHRA.

## TENTH SEPARATE DEFENSE

Defendant has established, implemented, and complied with policies, programs, and procedures for preventing and detecting unlawful retaliatory and discriminatory practices.

## ELEVENTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Plaintiff's own contribution to any alleged harm.

## TWELFTH SEPARATE DEFENSE

None of the Defendants are the alter ego of any other entity alleged in the Complaint.

## THIRTEENTH SEPARATE DEFENSE

None of the Defendants are the legal predecessors of any other entity alleged in the Complaint.

## FOURTEENTH SEPARATE DEFENSE

Plaintiff's claims for compensatory, special, interest, and punitive damages, as well as attorneys' fees and costs, are barred by the applicable laws under which Plaintiff brings her claims.

## FIFTEENTH SEPARATE DEFENSE

The Amended Complaint fails to state facts sufficient to state a claim that would support an award of compensatory, special, punitive damages, and/or other requested damages.

### SIXTEENTH SEPARATE DEFENSE

Defendant cannot be held liable for any compensatory damages because Plaintiff did not suffer any emotional distress due to any of Defendant's actions.

### SEVENTEENTH SEPARATE DEFENSE

Plaintiff's claim for punitive damages violates Defendants' rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

### EIGHTEENTH SEPARATE DEFENSE

Plaintiff is not entitled to punitive damages as Defendant's actions or inactions toward Plaintiff, if any, were not committed with malice and/or reckless indifference or disregard of any rights of Plaintiff, and Defendant pleads all defenses made available by the Supreme Court's decision in Kolstad v. American Dental Association.

### NINETEENTH SEPARATE DEFENSE

Plaintiff has failed to mitigate her alleged damages, the entitlement to which is expressly denied.

### TWENTIETH SEPARATE DEFENSE

Plaintiff's claims and/or damages are barred or mitigated by the after-acquired evidence doctrine.

### RESERVATION OF RIGHTS

In addition to the foregoing defenses, Defendant reserves the right to assert any and all additional legal and/or equitable defenses that may become apparent during the course of discovery and/or trial.

**WHEREFORE**, Defendant Secure Democracy requests that the Court dismiss the Amended Complaint with prejudice, award judgment in its favor, award its attorneys' fees and costs associated with the defense of this matter, and award all other just and proper relief.

DATED: April 11, 2024                              Respectfully submitted,


                                                   /s/ Amy Epstein Gluck
                                                   Amy Epstein Gluck (DC Bar No. 453525)
                                                   Pierson Ferdinand LLP
                                                   1101 Pennsylvania Ave., NW, Suite 300
                                                   Washington, DC 20005
                                                   Mail: P.O. Box 288 Cabin John, MD 20818-
                                                   0288
                                                   Amy.epsteingluck@pierferd.com

                                                   *Counsel for Defendant Secure Democracy*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was submitted by ECF and served to all counsel of record.

/s/ Amy Epstein Gluck
Amy Epstein Gluck