**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**SARAH WALKER,**

**Plaintiff,**

**v.**

**NEW VENTURE FUND, et al.,**

**Defendants.**

**Case No.: 1:22-cv-03312-APM**

# DEFENDANTS' SCHEDULING CONFERENCE REPORT AND DISCOVERY PLAN

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 16.3, Defendants New Venture Fund, Secure Democracy, and Secure Democracy USA (collectively "Defendants") jointly submit this Conference Report and Discovery Plan. An initial scheduling conference is set for May 29, 2024, at 11:00 a.m. via videoconference.

Defendants recognize that counsel for all parties are expected to confer at least 21 days before the initial scheduling conference to discuss the matters set forth in Local Civil Rule 16.3, develop a discovery plan, and submit to the Court a written report outlining the discovery plan, including a succinct statement of all agreements reached with respect to any of the 16 matters set forth in paragraph (c) of the Local rule, a description of the positions of each party on any matters as to which they disagree, and a proposed scheduling order. On behalf of all Defendants, the undersigned counsel for New Venture Fund ("NVF") twice contacted counsel for Plaintiff via email on May 3, 2024, and May 6, 2024, seeking to set a call for purposes of this conference of the parties and did not get a response. Accordingly, counsel for the Defendants have submitted this report as the Defendants' position and appended the Defendants' proposed scheduling order

hereto as required by the Federal Rules of Civil Procedure and the Local Rules of this Court:

**DEFENDANTS' PROPOSED SCHEDULING AND DISCOVERY PLAN**

1. Dispositive Motions. Defendants anticipate filing for summary judgment on the two remaining counts following the close of discovery.

2. Joinder and Amendment of Pleadings. Plaintiff amended her complaint once after the parties' early mediation and before any answer or motion to dismiss was filed. Defendants have now answered the counts that remain following the Court's ruling on their motions to dismiss and do not intend to add parties. Defendants ask the Court to close the pleadings to amendment and to adding parties, subject to a showing of good cause by a party.

3. Assignment. Since all parties have not conferred for the reasons set forth above, Defendants will not report on this topic.

4. Settlement. Given the Court's ruling granting in part the motions to dismiss, Defendants are willing to mediate a second time.

5. Alternative Dispute Resolution. Defendants are willing to participate in ADR. Defendants have considered the factors and questions set out in Local Civil Rule 16.3(c)(5) and have some expectation that with the dismissal of five of the seven counts of the Amended Complaint against them, including the Taxpayer First Act claim, that there may be more opportunity for the parties to find common ground than they experienced in their ADR efforts to this point. Defendants believe an optimum time would be after targeted initial discovery regarding damages and mitigation.

6. Timing of Summary Judgment. As noted above, Defendants anticipate filing motions for summary judgment as to the remaining counts following the close of discovery. Defendants ask that the Court set a scheduling conference following the close of discovery to set

a briefing schedule, or in the alternative a pretrial conference should their expectations change during discovery.

7. Initial Disclosures. Defendants ask that initial disclosures be due fourteen days following the entry of the scheduling order.

8. Discovery and Protective Order. Defendants propose a discovery period closing on November 29, 2024. Defendants' position on the scope of discovery is that it should be limited to the specific allegations of Plaintiff's fifth and sixth causes of action, alleging hostile work environment and relation in violation of the District of Columbia Human Rights Act, to include Plaintiff's alleged damages, and to her motivation for bringing this lawsuit, communications with Defendants' employees about this lawsuit, and any source of outside funding.

Defendants believe that a protective order will be necessary to facilitate the production and exchange of information. In this regard, Defendants note that during this case, NVF's communications with its outside legal counsel, which were appropriately marked as privileged and confidential attorney-client communications and attorney work product, were leaked to The Washington Free Beacon. That entity then disclosed these communications as part of a series of articles it published about NVF and this lawsuit. NVF took all necessary and appropriate steps to protect such communications. Defendants were obviously not in communication with The Washington Free Beacon or in any way responsible for generating any of the publicity in connection with this case. Accordingly, Defendants are understandably concerned that information and records from discovery in this case will continue to be disclosed and used to try the case in the press.

To avoid this situation, Defendants propose that the parties file, for the Court's consideration and approval, a stipulated protective order pursuant to Rule 26(c) of the Federal

Rules of Civil Procedure to restrict the disclosure and use of confidential, sensitive, and/or proprietary information produced in discovery. Defendants reserve the right to seek a further protective order if information or records so marked and protected thereafter appear in The Washington Free Beacon (or any other publication) or are otherwise disclosed to the public.

9. Electronically Stored Information. Defendants do not anticipate any issues with respect to ESI disclosure or production. Absent a specific need, Defendants anticipate producing discovery materials in a bates numbered PDF format.

10. Claims of privilege and protection of trial preparation materials. Defendants will seek an order incorporating provisions consistent with Federal Rule of Evidence 502. Defendants propose that the parties do not produce privilege logs for materials covered by attorney-client or work-product privilege that was created by, or developed by, counsel for the responding party after the date on which Plaintiff, through counsel, first asserted claims against Defendants.

11. Expert Witnesses. Defendants propose that Plaintiff's Rule 26(a)(2) expert disclosures shall be due August 29, 2024, and Defendants' expert disclosures shall be due September 30, 2024. Defendants further propose that rebuttal expert disclosures shall be due October 15, 2024, and that the close of expert witness discovery is on November 15, 2024.

12. Class Actions. This matter is not a class action.

13. Bifurcation. Defendants do not believe that bifurcation is necessary.

14. Pretrial Conference. Defendants propose that the Court set a date for the pretrial conference after it rules on any dispositive motions.

15. Trial Date. Defendants propose that the Court schedule a trial date at the pretrial conference.

16. Any other matters. Defendants request that discovery be limited to five (5) non-

party, non-expert depositions per side and twenty-five (25) interrogatories per party.

Dated: May 22, 2024

Respectfully submitted,

/s/ Joseph E. Schuler

Joseph E. Schuler (D.C. Bar No. 296269)
Jackson Lewis P.C.
10701 Parkridge Boulevard, Suite 300
Reston, VA 20191
(703) 483-8300 – Phone
(703) 483-8301 – Fax
Joseph.Schuler@jacksonlewis.com
*Counsel for Defendant New Venture Fund*

/s/ Amy Epstein Gluck

Amy Epstein Gluck (DC Bar No. 453525)
Pierson Ferdinand LLP
1101 Pennsylvania Ave., NW, Suite 300
Washington, DC 20005
Mail: P.O. Box 288
Cabin John, MD 20818-0288
Amy.epsteingluck@pierferd.com
*Counsel for Defendant Secure Democracy*
[signed by Jospeh E. Schuler w/permission]

/s/ Robin Repass

Robin Repass (D.C. Bar No. 90020216)
Fisher & Phillips LLP
7501 Wisconsin Avenue, Suite 1220W
Bethesda, MD 20814
Tel. (301) 951-1538
Fax (301) 880-5031
rrepass@fisherphillips.com
*Counsel for Defendant Secure Democracy, USA*
[signed by Jospeh E. Schuler w/permission]

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **SARAH WALKER,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**NEW VENTURE FUND, et al.,**<br><br>**Defendants.** | **Case No.: 1:22-cv-03312-APM** |

# [PROPOSED] SCHEDULING ORDER

**1. DEADLINES:**

It is hereby **ORDERED** that the parties shall adhere to the following deadlines:

| | |
|---|---|
| Deadline to Amend the Pleadings | Closed |
| Deadline to Join Additional Parties | Closed |
| End of Fact Discovery | November 29, 2024 |
| Plaintiff's Rule 26(a)(2) Expert Disclosures | August 29, 2024 |
| Defendant's Rule 26(a)(2) Expert Disclosures | September 30, 2024 |
| Rebuttal Expert Disclosures | October 15, 2024 |
| End of Expert Witness Discovery | November 15, 2024 |
| Motion for Summary Judgment due | [TBD] |
| Opposition to Motion for Summary Judgment due | [TBD]<br>(or 30 days after MSJ) |
| Reply to Opposition due | [TBD]<br>(or 30 days after opp'n) |

**2. DEPOSITIONS AND INTERROGATORIES:**

Absent agreement of the parties or Order of the Court to the contrary, the parties shall be

limited to no more than five (5) non-party, non-expert depositions per side and no more than twenty-five (25) interrogatories per party.

**3. DISCOVERY DISPUTES:**

Counsel shall confer in good faith in an effort to resolve any discovery dispute. If counsel are unable to resolve the dispute, they must first **JOINTLY** submit, via email to chambers, a clear, concise description of the issues in dispute, each party's position on the disputed issues, and the parties' joint availability for an on-the-record telephone conference. The court will then respond as soon as practicable to schedule a telephone conference and provide the parties with call-in information.

**Counsel shall not file any discovery related motion without a prior telephone conference with the Court and opposing counsel.**

**4. REQUEST FOR APPOINTMENT OF MEDIATOR**

If at any point the parties desire to engage in mediation, with a Magistrate Judge or through the Mediation Program of the Circuit Executive's Office, the parties shall file a joint motion captioned "Joint Motion for Mediation."