UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SARAH WALKER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 22-cv-3312 (APM) |
| NEW VENTURE FUND, et al., | ) |
| Defendant. | ) |

## ORDER

Pursuant to the parties' Local Civil Rule 16.3 Report and the Status Conference held on May 29, 2024, the court orders the following with regard to further proceedings in this matter:

I. Scheduling.

A. The parties shall exchange initial disclosures, as required under Rule 26(a)(1), on or before **June 12, 2024**;

B. Plaintiff shall make any proponent expert disclosures, consistent with Rule 26(a)(2), on or before **August 29, 2024**;

C. Defendant shall make any proponent expert disclosures, consistent with Rule 26(a)(2), on or before **September 30, 2024**;

D. The parties shall submit a Joint Status Report regarding the status of discovery on or before **October 7, 2024;**

E. The parties shall make any rebuttal expert reports and disclosures, consistent with Rule 26(a)(2), on or before **October 15, 2024**;

F. Discovery shall conclude on **November 29, 2024**;

G. A Post-Discovery Status Conference is set for **December 6, 2024, at 2:00 p.m.** via videoconference.

The parties may not extend by stipulation the deadlines for the Joint Status Report and the end of discovery. Instead, the parties must seek an

extension of time, preferably by filing a consent motion with the court. A motion to extend any deadline shall indicate whether any previous extensions were requested and granted.

The parties may modify all other interim deadlines by stipulation. If the parties cannot agree to a schedule modification, the party seeking additional time must file a motion and show good cause for the modification.

Likewise, a request for additional time to conduct discovery must be made on or before the discovery deadline. A request for an extension of time made after the discovery deadline will be considered untimely.

II. Limits on Discovery.

Absent leave of court, the parties shall be limited to five non-party, non-expert depositions per side. Any Rule 30(b)(6) deposition will not count against the five. Also, the parties shall not propound more than 25 interrogatories per party.

III. Discovery Disputes.

In the event that a discovery dispute arises, the parties shall make a good faith effort to resolve or narrow the areas of disagreement. If the parties are unable to resolve the discovery dispute, then the parties shall jointly call Judge Mehta's chambers at (202) 354-3250, at which time the court will either rule on the issue or determine the manner in which it will be handled. The parties may not file a discovery motion without leave of court.

Disputes regarding discovery must be raised on or before the discovery deadline. Disputes raised after the deadline will be considered untimely.

IV. Settlement.

The parties are expected to continue to evaluate their respective cases for purposes of settlement. The court encourages the use of alternative dispute resolution—e.g., mediation or neutral case evaluation. The use of these methods is available at any time, as is a settlement conference before a magistrate judge. If the parties are interested in pursuing these options, they may contact chambers at any time.

Dated: May 29, 2024

Amit P. Mehta
United States District Court Judge