**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| SARAH WALKER, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil No. 22-cv-03312 (APM)** |
| | ) | |
| NEW VENTURE FUND, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

**<u>MEMORANDUM OPINION</u>**

**I.**

Before the court are Defendants New Venture Fund ("NVF"), Secure Democracy ("SD"), and SD USA's motions to dismiss for lack of jurisdiction or for summary judgment. *See* Def. NVF's Mot. to Dismiss the Remaining Counts of Pl.'s Am. Compl. or in the Alternative for Summ. J., ECF No. 44 [hereinafter NVF Mot.]; Def. SD USA's Mot. to Dismiss for Lack of Subject Matter Jurisdiction or Alternatively for Summ. J., ECF No. 45 [hereinafter SD USA Mot.]; Def. SD's Mot. for Summ. J., ECF No. 46 [hereinafter SD Mot.]. For the reasons that follow, the court grants Defendants' motions.

**II.**

At summary judgment, the court construes the facts and evidence in the nonmovant's favor. *Talavera v. Shah*, 638 F.3d 303, 308 (D.C. Cir. 2011). But the court may "consider [a] fact undisputed" if it is not properly contested. *See Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 507–08 (D.C. Cir. 2016) (quoting Fed. R. Civ. P. 56(e)(2)). In its order setting the schedule for summary judgment briefing, the court expressly advised the parties about Local Civil Rule 7(h).

*See* Order, ECF No. 42.  The rule requires the moving party to submit "a statement of material facts for which the party contends there is no genuine dispute," and, in turn, the opposing party to "submit a statement responding to each material fact presented in the statement of the moving party." *Id.* at 1–2.  The court noted that it "may treat as admitted any facts identified by the moving party in its statement of material facts that are not controverted in the opposing party's responsive statement." *Id.* at 2; *accord* LCvR 7(h)(1).  While each Defendant provided the required statement, Plaintiff did not submit a responsive one.  *See* Pl.'s Omnibus Resp. to Defs.' Mots., ECF No. 48 [hereinafter Pl.'s Opp'n], at 5–7.  The court will accordingly assume the facts offered by Defendants to be true in its recitation below and in resolving the pending motions.

### A.

Plaintiff Sarah Walker was jointly employed by NVF and SD from September 2019 to late 2021.  Pl.'s Opp'n at 5.  Although both NVF and SD were incorporated as nonprofits in the District of Columbia, Def. NVF's Reply to Pl.'s Opp'n, ECF No. 51 [hereinafter NVF Reply], at 3–4; Def. SD's Reply in Further Supp. of SD Mot., ECF No. 50 [hereinafter SD Reply], at 2, they conducted their operations remotely, *see* NVF Mot., Def. NVF's Mem. of P. & A. in Supp. of NVF Mot., ECF No. 44-1 [hereinafter NVF Mem.], at 5–6, 8; Def. SD's Mem. of P. & A. in Supp. of SD Mot., ECF No. 47 [hereinafter SD Mem.], at 2.  Plaintiff worked for them from Minnesota. Pl.'s Opp'n at 5.

Plaintiff, a Black woman, alleges that her supervisors "subjected [her] to a pattern of racially charged conduct that created a hostile work environment."  Pl.'s Opp'n at 5.  For example, she claims two of her supervisors "repeatedly engaged [her] in uncomfortable conversations about her race," including one instance in which they compared her skin color to that of a coworker as a measure of credibility on matters of race.  *Id.* at 5–6.  Or, at a leadership retreat in Portland, Oregon,

Plaintiff "felt targeted and singled out" for having previously raised concerns about racial inequities in the workplace. *See id.* at 6; SD Mem., Def. SD's Stmt. of Undisputed Facts, ECF No. 47-1 [hereinafter SD Stmt.], ¶ 59. Plaintiff thereafter submitted a (second) formal complaint to NVF's Human Resources and its General Counsel, Andrew Schulz. Pl.'s Opp'n at 6. The complaint alleged racial discrimination, retaliation, and tax-code compliance issues. *Id.*

One day later, on October 29, 2021, NVF placed Plaintiff on paid administrative leave as it investigated her allegations and revoked her access to all company systems. NVF Reply at 6–7. SD, too, initially placed her on leave but quickly reinstated her on November 3. *See* SD Mem., SD Stmt. ¶¶ 72, 75. By November 17, SD's board had adopted a resolution to dissolve the organization because of financial issues. *Id.* ¶ 81. All SD employees other than Plaintiff were offered positions at SD's successor entity, SD USA, or at another one of NVF's then-sponsored projects. NVF Reply at 7–8. SD formally dissolved on December 20. SD Stmt. ¶ 82. As for NVF, Plaintiff remained on paid administrative leave with that organization until her termination on October 31, 2022. *See id.* ¶¶ 88–89; NVF Mem. at 10–11.

At all relevant times, none of the supervisors Plaintiff alleges acted wrongfully lived or worked in the District of Columbia. The two supervisors Plaintiff charged as "primary decision-maker[s]," Megan Lewis and Sam Tarazi, resided in New Jersey and Oregon, respectively. NVF Mem. at 6. Two other supervisors who allegedly subjected her to hostile treatment based on her race, Liz Avore and Colin Weaver, resided in Colorado and Ohio, respectively. *Id.* at 7. Schulz, the General Counsel whom Plaintiff alleges retaliated against her by participating in the decision to shut down SD, lived in Maryland. *Id.* at 10. No other employee implicated in Plaintiff's complaint appears to have resided in the District of Columbia, either. *See id.* at 8–9.

And Plaintiff has "no specific recollection of any meeting ever taking place in the District of Columbia." *Id.* at 8.

**B.**

Plaintiff sued the three Defendant entities and Lewis for retaliation in violation of the Taxpayer First Act ("TFA"), intentional infliction of emotional distress, and several violations of the D.C. Human Rights Act ("DCHRA"): discrimination on the basis of race, sex, and disability; creating a hostile work environment; and retaliation. *See generally* Am. Compl., ECF No. 12. Defendants moved to dismiss. Mem. Op. & Order, ECF No. 22 [hereinafter Mem. Op.], at 2. The court dismissed Plaintiff's claims against Lewis for lack of personal jurisdiction. *Id.* at 2–4. It dismissed the TFA, race discrimination, sex discrimination, and disability discrimination claims on timeliness grounds. *See id.* at 5–12. And it dismissed Plaintiff's intentional infliction of emotional distress claim for failure to state a claim. *Id.* at 16–18. The court allowed only Plaintiff's retaliation (Count Six) and hostile work environment (Count Five) claims under the DCHRA to move forward. *See id.* at 13–16, 18. The former centered on her termination and placement on administrative leave, *id.* at 16, while the latter rested on those acts plus various race-based inequities and indignities she allegedly experienced, *id.* at 14–15.

All three remaining Defendants now move to dismiss the remaining two counts or for summary judgment.

**III.**

Before turning to Defendants' motions, the court briefly revisits its dismissal of Plaintiff's TFA retaliation claim. In order to bring a TFA claim in federal court, a plaintiff must first file a complaint with the Department of Labor (DOL) "not later than 180 days after the date on which the violation occurs." 26 U.S.C. § 7623(d)(2)(A), (B)(iv). Because Plaintiff filed her DOL

complaint on June 10, 2022, the alleged retaliation "must have occurred no earlier than December 12, 2021, to be considered timely." Mem. Op. at 5. But Plaintiff had at least constructive notice of her termination from SD—the alleged retaliatory event—by November 30, 2021. *See id.* at 6–7. The court therefore dismissed Plaintiff's TFA claim against SD and its successor.

Plaintiff also asserted the TFA claim against NVF, which the court now realizes it did not address. Plaintiff alleged that, at the time she filed her DOL complaint, she "was still suffering from NVF's acts of reprisal" because her administrative leave was ongoing. Pl.'s Omnibus Resp. and Mem. of L. in Opp'n to Defs.' Mots. to Dismiss Pl.'s Am. Compl, ECF No. 17 [hereinafter Pl.'s MTD Opp'n], at 11; *see also* Am. Compl. ¶¶ 105, 107. So, she reasons, her DOL complaint was timely. *See* Pl.'s MTD Opp'n at 11.

The court disagrees. In general, a claim "accrues when the factual and legal prerequisites for filing suit are in place." *Loumiet v. United States*, 828 F.3d 935, 947 (D.C. Cir. 2016) (internal quotation marks omitted). Here, those "prerequisites"—the basis for Plaintiff's retaliation claim against NVF—were in place when NVF placed Plaintiff on leave on October 29, 2021. NVF Reply at 6–7; *see also* Am. Compl. at 2. Plaintiff does not allege that NVF took any additional retaliatory actions that might have extended the time for which she could have filed her DOL complaint. The continuation of paid administrative leave, without more, is not enough. *Cf. Walston-Jackson v. CCA of Tenn., Inc.*, 664 F. Supp. 2d 24, 27 (D.D.C. 2009) (reasoning that a plaintiff's hostile work environment claim was time-barred because she had "neither alleged, nor offered proof, of incidents, or other forms of harassment, occurring after" her placement on administrative leave, which had occurred too long before filing suit). While Plaintiff also mentions her eventual discharge from NVF in October 2022 and the accompanying loss of pay and benefits, Pl.'s MTD Opp'n at 10–11, those events occurred *after* she filed her DOL complaint and thus do not factor

into the timeliness analysis. *See Landmark Health Sols., LLC v. Not for Profit Hosp. Corp.*, 950 F. Supp. 2d 130, 135 (D.D.C. 2013) ("[L]ater events may not create jurisdiction where none existed at the time of filing." (quoting *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1337 (Fed. Cir. 2008)). Plaintiff's TFA claim against NVF therefore is also dismissed as untimely.

## IV.

Now to the present motions. Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute is one in which, viewing the evidence in the light most favorable to the nonmoving party, a reasonable jury could return a verdict in its favor. *Talavera*, 638 F.3d at 308.

Defendants argue that the court lacks "subject matter jurisdiction"[1] over Plaintiff's remaining DCHRA claims because none of the alleged harassing or retaliatory acts or their effects occurred in the District of Columbia. *See* NVF Mem. at 13; SD USA Mot., Def. SD USA's Mem. of P. & A. in Supp. of SD USA Mot., ECF No. 45-1, at 12; SD Mem. at 8. At least one of the two is required for the DCHRA to apply. *See Monteilh v. AFSCME, AFL-CIO*, 982 A.2d 301, 304–05 (D.C. 2009). As previously described, all relevant supervisors lived and worked outside of the District. *See supra* Section II.A. Plaintiff does not dispute Defendants' factual representations, which the court accepts as true, *see supra* Section II, that those actors made all relevant decisions about her job status elsewhere—such as in New Jersey or Oregon—and that neither they nor she was in the District during any pertinent meetings (whether remote or in-person) at which the

---

[1] The court is uncertain whether the parties have properly framed this argument as one about the court's subject matter jurisdiction, or simply a failure to sustain a DCHRA claim. *See Cause of Action Inst. v. OMB*, 10 F.4th 849, 853 (D.C. Cir. 2021) (distinguishing subject matter jurisdiction, i.e., the "power to hear a case," from the remedial powers of the court, i.e., "whether a party has successfully established the elements of its claim such that a court may grant relief" (internal quotation marks omitted)). Because the outcome here does not depend on the proper legal label, the court adopts the parties' nomenclature.

alleged harassment occurred.  *See, e.g.*, SD Stmt. ¶¶ 12–14, 16–20, 22.  And Plaintiff does not try to argue that any effects were felt in the District, as she lived and worked remotely in Minnesota. *See* Pl.'s Opp'n at 8.  On these facts, the DCHRA does not reach Defendants' conduct.

In response, Plaintiff focuses on the fact that Defendants are incorporated in the District. She contends that since "no Defendant claims they have a location" elsewhere, then "[n]ecessarily the decisions at issue[] made by each corporate Defendant were made at its sole location within the District of Columbia" and "executed through [Defendants'] D.C.-based corporate structure." *Id.* at 8–9.  That individual actors were located elsewhere "does not negate subject matter jurisdiction," she reasons, because "[t]hey were acting as agents of a D.C. enterprise, and the ultimate authority and infrastructure for their actions resided in D.C."  *Id.* at 9.

The D.C. Court of Appeals squarely rejected this argument in *Monteilh*, the very authority on which Plaintiff relies.  *See id.* at 8.  There, the court held that "[i]t would not be enough to establish subject matter jurisdiction under the DCHRA simply to show that the company is headquartered here or has offices here."  *Monteilh*, 982 A.2d at 304–05.  Courts in this District have accordingly held the same.  *See, e.g.*, *Conn v. Am. Nat'l Red Cross*, 149 F. Supp. 3d 136, 151 (D.D.C. 2016).  Plaintiff therefore cannot sustain a DCHRA claim based solely on Defendants' incorporation in the District of Columbia.  She must present evidence that at least creates a genuine dispute of material fact as to whether any allegedly wrongful act took place here.  But she has not done so.  On the contrary, the undisputed facts show that "the only [people] whom [Plaintiff] alleges discriminated against her . . . and who at all relevant times" worked in various states across the country, "made the allegedly discriminatory decision[s] . . . outside of the District."  *Id.*  The court therefore lacks subject matter jurisdiction over Plaintiff's remaining DCHRA claims.

**V.**

For the foregoing reasons, the court grants (1) Defendant NVF's Motion to Dismiss the Remaining Counts of Plaintiff's Amended Complaint or in the Alternative for Summary Judgment, ECF No. 44; (2) Defendant SD USA's Motion to Dismiss for Lack of Subject Matter Jurisdiction or Alternatively for Summary Judgment, ECF No. 45; and (3) Defendant SD's Motion for Summary Judgment, ECF No. 46.  A final, appealable order accompanies this Memorandum Opinion.

Dated: August 10, 2026

Amit P. Mehta
United States District Judge